Honorable John Vance District Attorney Dallas County Government Center Dallas, Texas 75202
Re: Whether Federal National Mortgage Association (Fannie Mae) Guaranteed Mortgage Pass-Through Certificates may be pledged as security for county deposits (RQ-1611)
Dear Mr. Vance:
At the request of the Dallas County Auditor, you have asked whether Federal National Mortgage Association Guaranteed Mortgage Pass-Through Certificates may be pledged by the depository for Dallas County as security for the deposit of county funds placed with the depository. You have furnished excerpts from the prospectus concerning the certificates.
The Federal National Mortgage Association is popularly known as "Fannie Mae," and it has incorporated that sobriquet into its prospectus. In prominent, large type the prospectus declares:
THE OBLIGATIONS OF THE FEDERAL NATIONAL MORTGAGE ASSOCIATION UNDER ITS GUARANTY ARE OBLIGATIONS SOLELY OF THE CORPORATION AND ARE NOT BACKED BY THE FULL FAITH AND CREDIT OF THE UNITED STATES. THE CERTIFICATES ARE EXEMPT FROM THE REGISTRATION REQUIREMENTS OF THE SECURITIES ACT OF 1933 AND ARE `EXEMPTED SECURITIES' WITHIN THE MEANING OF THE SECURITIES EXCHANGE ACT OF 1934.
It further states:
 The Guaranteed Mortgage Pass-Through Certificates (`Certificates') are issued and guaranteed by the Federal National Mortgage Association (the `Corporation' or `Fannie Mae'), a corporation organized and existing under the laws of the United States, under the authority contained in Section 304(d) of the Federal National Mortgage Association Charter Act (12 U.S.C. § 1716 et seq.).
 Each certificate offered hereby and by the Supplement related hereto will represent an undivided interest in a pool of mortgage loans (a `Pool') to be formed by the Corporation. Each Pool will consist of residential mortgage loans (`Mortgage Loans') either previously owned by the Corporation or purchased by it in connection with the formation of the Pool.
. . . .
 Interests in each Pool will be evidenced by a separate issue of Certificates.
. . . .
 The Corporation will have certain contractual servicing responsibilities with respect to each Pool. In addition, the Corporation will be obligated to distribute scheduled monthly installments of principal and interest (adjusted to reflect the Corporation's servicing and guaranty fee) to Certificate holders, whether or not received.
Statutes governing depositories for county funds are found in chapter 116 of the Local Government Code. Statutes regarding the security for county funds held by the depository are contained in subchapter C thereof. Section 116.051, which speaks to qualifications as a depository, reads:
 Within 15 days after the date a bank is selected as a county depository, the bank must qualify as the depository by providing security for the funds to be deposited by the county with the bank. The depository may secure these funds, at the option of the commissioners court, by:
 (1) personal bond; surety bond; bonds, notes, and other securities; first mortgages on real property; real property; or a combination of these methods, as provided by this subchapter; or
 (2) investment securities or interests in them as provided by Chapter 726, Acts of the 67th Legislature, Regular Session, 1981 (Article 2529b-1, Vernon's Texas Civil Statutes).
The section 116.051 reference to "bonds, notes, and other securities" in subsection (1) is exceedingly broad, but, as the "Revisor's Note" accompanying the code section explains, the list in subdivision (1) is based on the source law to sections 116.052-116.056. Section 116.054 narrows the breadth of the section 116.051 provision. It reads:
 (a) A county depository may pledge with the commissioners court as security under this subchapter:
 (1) A bond, note, security of indebtedness, or other evidence of indebtedness of the United States if the evidence of indebtedness is supported by the full faith and credit of the United States or is guaranteed as to principal and interest by the United States;
 (2) a bond of this state or of a county, municipality, independent school district, or common school district;
(3) a bond issued under the federal farm loan acts;
(4) a road district bond;
 (5) a bond, pledge, or other security issued by the board of regents of The University of Texas System;
 (6) bank acceptances of banks having a capital stock of at least $500,000;
 (7) a note or bond secured by mortgages insured and debentures issued by the Federal Housing Administration;
 (8) shares or share accounts of a savings and loan association organized under the laws of this state or of a federal savings and loan association domiciled in this state if the payment of the share or share accounts is insured by the Federal Savings and Loan Insurance Corporation; or
(9) a bond issued by a municipal corporation in this state.
 (b) Securities provided under this section must have a total market value equal to the amount of the depository bond. (Emphasis added.)[1]
The certificates at issue here satisfy none of the section 116.054, subsection (1), requirements, and unless they qualify as "investment securities or interests in them as provided by [article 2529b-1, V.T.C.S.]," as stated by subsection (2) of section 116.051, they do not fall within the statutory categories of acceptable security for county deposits.
In its entirely, article 2529b-1, V.T.C.S., reads:
 Section 1. The following terms, used in this Act, have the meanings set forth below:
 (a) `Government securities' means direct obligations of the United States of America, obligations which in the opinion of the attorney general of the United States are general obligations of the United States and backed by its full faith and credit, obligations guaranteed by the United States of America, evidence of indebtedness of or participation certificates guaranteed by Federal Intermediate Credit Banks, Federal Land Banks, Banks for Cooperatives, Federal Farm Credit System, Federal Home Loan Banks, including letters of credit issued by the district Federal Home Loan Banks, general obligation notes of the Federal Home Loan Bank System, and general obligation bonds of the Federal Home Loan Bank System, Federal National Mortgage Association, Federal Financing Bank Participation Certificates in the Federal Asset Financing Trust, New Housing Authority Bonds and Project Notes fully secured by contracts with the United States of America provided such terms shall not include any obligation with a declining principal balance.
 (b) `Investment securities' means (i) government securities or (ii) any general or special obligation issued by a public agency (approved by the attorney general of Texas) payable from taxes, revenues, either or both.
 (c) `Public agency' means any board, authority, agency, department, commission, political subdivision, municipal corporation, district, public corporation, body politic, or instrumentality of the State of Texas, including without limitation any county, home-rule charter city, general-law city, town, or village, any state-supported educational institution of higher learning, any school, junior college, hospital, water, sewage, waste disposal, pollution, road, navigation, levee, drainage, conservation, reclamation, or other district or authority, and any other type of political or governmental entity of the State of Texas.
Sec. 2. Investment securities or any ownership or beneficial interest therein shall be eligible and lawful security for all deposits of public funds of the State of Texas and any public agency to the extent of the market value thereof.
Sec. 3. The provisions of this Act shall be cumulative of all other existing laws, but shall be full and complete authority for investment securities to be eligible to secure public funds without reference to any other law. (Emphasis added.)
The syntax of section 1(a) of article 2529b-1, V.T.C.S., is complex and might be analyzed in different ways, but we have concluded that it should be read as though the phrase "including letters of credit issued by the district Federal Home Loan Banks, general obligation notes of the Federal Home Loan Bank System, and general obligation bonds of the Federal Home Loan Bank System" were set off by parentheses. This phrase applies only to securities of Federal Home Loan Banks, but it is so long that it interrupts the list of entities whose evidence of indebtedness in participation certificates are government securities. As so punctuated, the provision reads:
 (a) `Government securities' means direct obligations of the United States of America, obligations which in the opinion of the attorney general of the United States are general obligations of the United States and backed by its full faith and credit, obligations guaranteed by the United States of America, evidence of indebtedness of or participation certificates guaranteed by Federal Intermediate Credit Banks, Federal Land Banks, Banks for Cooperatives, Federal Farm Credit System, Federal Home Loan Banks (including letters of credit issued by the district Federal Home Loan Banks, general obligation notes of the Federal Home Loan Bank System, and general obligation bonds of the Federal Home Loan Bank System), Federal National Mortgage Association, Federal Financing Bank Participation Certificates in the Federal Asset Financing Trust, New Housing Authority Bonds and Project Notes fully secured by contracts with the United States of America provided such terms shall not include any obligation with a declining principal balance. (Emphasis added.)
This reading of subsection 1(a) of the statute, causes certificates "guaranteed by the . . . Federal National Mortgage Association" to be "government securities" and, thus, "investment securities" under subsection 1(b). Section 2 of statute declares that any ownership or beneficial interest in investment securities is eligible and lawful security for all deposits of public funds of any public agency to the extent of the market value thereof. Counties are "public agencies" within the meaning of the act. V.T.C.S. art. 2529b-1, § 1(c).
Our conclusion that the certificates at issue may be pledged as security for the deposit of Dallas County funds is based upon our understanding of the legislative intent. Punctuation does not control or affect the matter. Gov't Code § 312.012(b). It is the duty of courts, and of this office, to give statutes a reasonable, fair construction with a view to accomplishing such intent. See 53 Tex.Jur.2d Statutes § 126, at 187. The legislative intent here is clearly to protect public funds by requiring that deposits of them be secured by safe evidences of obligation.
Influencing our conclusion that the legislature regarded certificates guaranteed by "Fannie Mae" as safe is the circumstance that, under federal law, such certificates
 `shall be lawful investments and may be accepted as security for all fiduciary, trust, and public funds, the investment or deposit of which shall be under the authority and control of the United States or an officer thereof.'
12 U.S.C. § 1723(c).
Consequently, we advise that Federal National Mortgage Association Guaranteed Mortgage Pass-Through Certificates may be pledged by the depository for Dallas County as security for the deposit of county funds placed with the depository.
 SUMMARY
Federal National Mortgage Association Guaranteed Mortgage Pass-Through Certificates may be pledged by the depository for Dallas County as security for the deposit of county funds placed with the depository.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lou McCreary Executive Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Bruce Youngblood Assistant Attorney General
[1] The Local Government Code was enacted by Acts 1987, 70th Legislature chapter 149, at 707 as a non-substantive recodification of existing laws. Sections 311.031(c) and (d) of the Government Code provide that when a statute is amended by the same legislature that repeals the statute in the process of enacting a code, the amendment is preserved and given effect and if the statute, as amended, conflicts with the code, the statute prevails. Section 116.051 was partially derived from former article 2547, which was amended by Acts 1987, 70th Legislature chapter 846, at 2905 without reference to the repeal of the statute by enactment of the code. The amendment, which authorizes the pledge of certain certificates of deposit by banks to secure county deposits, does not conflict with the code or affect the answer to your question, when given effect.